Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California  90067
Telephone:  (310) 557-8989
Facsimile:   (310) 788-0080
E-mail: klussier@bandlpc.com

Attorney for Plaintiff
LIFTED RESEARCH GROUP, INC.,
a California Corporation

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NARINE TATOYAN and ARUSYAK TATOYAN, individually and jointly, d/b/a TEMPTATION and DOES 1-10,<br><br>Defendants. | Case No. SACV 08-1042-CJC (ANx)<br><br>**[PROPOSED] CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, this action having been commenced by Plaintiff, Lifted Research Group, Inc. ("LRG") against Defendants Narine Tatoyan and Arusyak Tatoyan, individually and jointly, d/b/a Temptation (collectively the "Defendants") alleging *inter alia*, trademark counterfeiting and infringement, false designation of origin, and copyright infringement, and Plaintiff and Defendants having resolved the Plaintiff's claims to each of their satisfaction;

///

//

WHEREAS, the Defendants allegedly adopted and began using marks in United States which allegedly infringe LRG's registered trademarks: LIFTED RESEARCH GROUP, L R G, ✦, and ✦ (collectively the "LRG Marks"), and the work protected by LRG's United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright");

WHEREAS, based upon LRG's good faith prior use of its Marks and Copyrighted work, LRG has superior and exclusive rights in and to the LRG Marks and the LRG Copyright in the United States and any confusingly similar names or marks.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.     That Defendants, their agents, representatives, servants, employees, and all persons in active concert and participation therewith are hereby permanently restrained and enjoined, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit and/or infringing goods bearing the LRG Marks and/or the work protected by the LRG Copyright, and any substantially similar marks or works; from using the LRG Marks and/or the work protected by the LRG Copyright, or any marks or works substantially similar thereto, in connection with the sale of any unauthorized goods; from using any trademark, trade dress, trade name, logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association as defined in 15 U.S.C. § 1125(a), or engaging in any act as defined 15 U.S.C. § 1125(a) which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with LRG; from using any reproduction, counterfeit, copy, or colorable

**[PROPOSED]** CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

imitation of the LRG Marks and/or the work protected by the LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, clothing products; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of LRG, or in any way endorsed by LRG; from unfairly competing with LRG in accordance with 15 U.S.C. § 1125(a); from secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the LRG Marks and/or the LRG Copyright; and from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The cause between LRG and the Defendants is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

1  5. This Court will retain continuing jurisdiction over this cause to enforce
2  the terms of this Stipulated Consent Permanent Injunction and Settlement
3  Agreement between the parties.
4  6. All allegedly counterfeit and infringing goods currently in the
5  possession, custody or control of the Defendants shall be delivered to LRG's
6  counsel and destroyed under the direction of LRG.

**IT IS SO ORDERED.**

Dated this 16th day of February, 2010.

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

- 4 -
**[PROPOSED]** CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

**[PROPOSED]** CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION